**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| OJULVIE MABIKA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-890-SLP |
| | ) |
| MARKWAYNE MULLIN, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Petitioner, Ojulvie Mabika, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 17]. The matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, in part, and GRANTS, in part, the Petition.

## I.    **<u>Background</u>**

Petitioner, a citizen of Central African Republic, entered the United States on June 9, 2024.   On June 10, 2024, Petitioner was placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).   Petitioner filed an application for asylum sometime during her removal proceedings.[1] Petitioner's application for asylum was granted on June 12, 2026, but has not yet become final as ICE has reserved its right to appeal the decision by July 13, 2026.   *See* Status Report [Doc. No. 20] at 1.

On February 18, 2026, ICE re-detained Petitioner during a routine check-in pursuant to an administrative arrest warrant.   Petitioner has been continuously detained without bond since her arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).   When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On April 23, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of her due process rights under the Fifth Amendment to the United States Constitution.   Petitioner also brings claims relating to violations of the Fourth Amendment and the retroactivity doctrine.   Petitioner claims that § 1225(b)(2)(A) does not apply to her and that her continued detention without a bond

---

[1] Upon review of the record, it appears that Petitioner was placed on some form of supervised release, but it is not clear whether she was released on an Order of Recognizance or parole.

hearing violates her due process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.      **<u>Discussion</u>**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) business days or, in the alternative, for Respondents to release Petitioner from custody.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts.  *See Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[2]  The Court, therefore, finds

---

[2] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior."  *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

that § 1226(a) governs Petitioner's detention, and she is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order, or otherwise release Petitioner if she has not received a proper bond hearing within that period.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 7th day of July, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address her remaining claims.

4